IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS CHEMICAL INTERNATIONAL, LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-11-2151 |
| ACCESS CHEMICALS & SERVICES, LLC, | § § § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Compass Chemical International, LLC's Motion to Exclude the Opinions and Testimony of Robert Hancock (Document No. 33), to which Defendant Access Chemicals & Services, LLC has filed its response in opposition. After carefully considering the motion, response, reply, and applicable law, the Court concludes that the motion should be denied.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

>(d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 and the principles announced in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 113 S. Ct. 2786 (1993), apply to technical or specialized expert testimony. *See* <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 119 S. Ct. 1167, 1171 (1999); <u>Black v. Food Lion, Inc.</u>, 171 F.3d 308, 310 (5th Cir. 1999).

The district court has a "gate-keeping" role when determining the admissibility of expert testimony. *See* <u>Seatrax, Inc. v. Sonbeck Int'l, Inc.</u>, 200 F.3d 358, 371 (5th Cir. 2000). The court must determine whether an expert is qualified and whether his testimony is reliable and relevant. The purpose is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." <u>Kumho Tire</u>, 119 S. Ct. at 1176. The <u>Daubert</u> inquiry is always fact-specific. *See* <u>Black</u>, 171 F.3d at 311.

Whether an expert is qualified depends on whether the witness has "such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." <u>United States v. Hicks</u>, 389 F.3d 514, 524 (5th Cir. 2004), *cert. denied*, 126 S. Ct. 1022 (2006) (quoting <u>United States v. Bourgeois</u>, 950 F.2d 980, 987 (5th Cir.

1992)). An expert's testimony does not always have to be based on scientific testing; it can be based on personal experience. See Kumho Tire, 119 S. Ct. at 1175-76. However, an expert's self-proclaimed accuracy is insufficient. See Gen. Elec. Co. v. Joiner, 118 S. Ct. 512, 519 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."). Whether an expert's testimony is reliable requires "an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid." Curtis v. M&S Petroleum, Inc., 174 F.3d 661, 668 (5th Cir. 1999). "The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998) (en banc), *cert. denied*, 119 S. Ct. 1454 (1999). The focus of the inquiry is not upon the substance of ultimate conclusions reached, but instead upon the "principles and methodology" used to reach those conclusions. Daubert, 113 S. Ct. at 2797.

Robert Hancock's opinions and expected testimony seek to rebut the damages calculations of Plaintiff's retained expert on damages, Paul A. Tigner ("Tigner"). Plaintiff does not challenge Hancock's qualifications to give expert testimony on this subject, but asserts that Hancock's opinions are unreliable.

3

Defendant retained Hancock as a rebuttal expert to assess Tigner's report and Hancock does not purport to conduct a damages assessment of his own.[1] Hancock first reviewed Tigner's report without having all of the documents Tigner relied upon in writing his report and Hancock discloses that fact. Hancock states that he used publications by the American Institute of Certified Public Accountants, including the Statement on Standards for Valuation Services No. 1, to analyze Tigner's report.[2] Hancock in his report states what he describes as Tigner's "overly general" reporting of gross margins, variable costs, suitable replacement products for sales and industry standards, as his basis for concluding that Tigner's calculations of lost profits are not reliable and are incapable of being tested. Moreover, without having access at the time to Plaintiff's tax returns and internal financial statements, Hancock concedes he was not able to test Plaintiff's alleged lost profits. Hancock further concludes that Tigner did not follow the standards of the business valuation profession set out in the Statement on Standards for Valuation Services No. 1 in several particulars that he itemized. Furthermore, Hancock also states that Tigner's wide and diverse estimates of Plaintiff's diminished value intrinsically suggest unreliable and speculative bases for such estimates. Hancock is qualified to make these and other

---

[1] Document No. 35, ex. B at 3.

[2] Id., ex. B at 3.

4

critiques of Tigner's application of the methodology he relies upon, and of Tigner's resulting conclusions, even if Hancock himself did not develop his own estimate of damages.

Moreover, Hancock's affidavit filed in response to the present motion was prepared after Hancock received much of the material relied on by Tigner and therefore elaborates on his opinions in light of his own review of most of the documentation relied on by Tigner. Hancock's affidavit supplements Hancock's report and deposition testimony. *See* Helen of Troy, L.P. v. Zotos Corp., 235 F.R.D. 634, 637 (W.D. Tex. 2006) (Martinez, J.) (finding affidavit supplemented disclosures in accordance with Rule 26(e)); FED. R. CIV. P. 26(e)(2) (imposing duty to supplement information given by expert in report and in deposition). In sum, Hancock has the requisite qualifications to give expert testimony on this subject, his opinions are based on sufficient facts and data to assist the trier of fact, and Plaintiff's objections to Hancock's approach and the accuracy of his opinions go not to admissibility but rather to the weight, if any, that the trier of fact should give to Hancock's opinions.

Plaintiff argues in the alternative that Hancock's report should be excluded because he does not provide an alternative methodology to that used by Tigner. There is no requirement in the rules or in Daubert and its progeny that a rebuttal expert must use a different methodology. Hancock expressly states that he is using

the Statement of Standards for Valuation Services No. 1 in opining on the appropriate method for calculating damages. Plaintiff does not challenge this methodology; the differences between the experts are in how properly to apply this methodology to the data and other facts. Accordingly, it is

ORDERED that Plaintiff Compass Chemical International, LLC's Motion to Exclude the Opinions and Testimony of Robert Hancock (Document No. 33) is DENIED.

The Clerk will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas on this 18TH day of December, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE